UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JOSHUA DUNN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:17-cv-00537 |
| | ) | REEVES/POPLIN |
| SHAWN PHILLIPS, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On October 23, 2017, pro se prisoner Joshua Dunn (hereinafter, "Plaintiff") instituted this action by filing a Motion for a temporary restraining order and preliminary injunction in the United States District Court for the Middle District of Tennessee [Docs. 1-3]. Subsequently, on November 8, 2017, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 against various employees of the Tennessee Department of Corrections and Morgan County Correctional Complex for various violations of the United States Constitution and Tennessee state law [Doc. 7]. On December 7, 2017, Plaintiff's action was transferred to this Court [Doc. 10].

On June 6, 2018, the Court entered an Order denying Plaintiff's Motion for injunctive relief and reviewing Plaintiff's Complaint [Doc. 12]. The Court concluded that Plaintiff's original Complaint was deficient and "not in compliance with the various local and federal rules governing his filing, as it does not contain his original signature" [*Id*. at 3 (citing Fed. R. Civ. P. 11(a); E.D. Tenn. L.R. 83.13)]. The Court further noted that "Plaintiff's Complaint primarily sought injunctive and declaratory relief, alleging that he was in need of protective custody and housing in order to keep him safe from harm at the hands of certain inmates," and that many of his claims and grounds for relief may thus be moot in light of Plaintiff's transfer to another facility [*Id*.].

Accordingly, the Court order Plaintiff to "file an amended complaint – which will replace and supersede his initial Complaint – **within thirty days** of the entry of this Order." [*Id*. at 3-4]. The Court cautioned Plaintiff that if he failed "to return an amended complaint containing his original signature within the prescribed time, the Court will **STRIKE** the Complaint [Doc. 7] from the record. *See* Fed. R. Civ. P. 11(a). If the Complaint is stricken, there will be no issues remaining for the Court to resolve, and this action will be dismissed." [*Id*. at 4]. However, more than thirty days have now passed, and Plaintiff has not filed a signed complaint with the Court or otherwise responded to the Court's Order.

As the Court previously advised Plaintiff, Rule 11 of the Federal Rules of Civil Procedure provides that "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). In this case, the Court has taken steps to make Plaintiff aware of the omission in his pleading and granted him an opportunity to correct the error. Given that Plaintiff has not "promptly corrected" the deficiency, Rule 11 dictates that the Court "must strike the unsigned paper." Accordingly, Plaintiff's Complaint [Doc. 7] is hereby **STRICKEN**. Because the Complaint has been stricken, there are no issues remaining for the Court to resolve, and this case is **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

**E N T E R :**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**